Lewis, Mayor, ET AL. *v.* JANE.

[92 South. 582.   No. 22354.]

MUNICIPAL CORPORATIONS. *Limitation of period for which commissioners should receive stated salary held void; void limitation as to period for which commissioners should receive salary held not to invalidate other portion of ordinance.*

Under section 9 of chapter 120, Laws of 1912 (section 6046, Hemingway's Code), providing that the salary of the commissioners under the commission government plan for governing cities shall be fixed by an ordinance approved by the qualified electors. "and when once such ordinance shall have been passed, published and approved . . . the same shall not be altered or repealed unless the ordinance so amending or repealing the same be approved and ratified by the qualified electors," it was the duty to fix the salary permanently, and the commissioners had no power to fix a limitation at which it would automatically expire, and such limitation is void and separable, and the salaries so fixed remain in force until a new ordinance is duly passed as required by this act.

APPEAL from chancery court of Jackson county.

HON. V. A. GRIFFITH, Chancellor.

Bill by E. J. Jane against F. H. Lewis, Mayor, and others.  Judgment for plaintiff, and defendants appeal. Judgment reversed, and bill dismissed.

*Denny & Heidelberg,* for appellants.

Was it within the power of the municipality to adopt the ordinance limiting its period of duration, or term of operation, to one year, or ''during the year 1919?''

It is well settled that a municipal corporation has only such powers as are clearly and unmistakably guaranteed to it by its charter, or by other acts of the legislature, and, consequently can exercise no power not expressly granted to it, except those which are necessarily implied or incident to the power expressly granted and those which are indispensable to the declared objects and purposes of the

corporation. Any fair and reasonable doubt concerning the existence of the power, or any ambiguity of the statute upon which the assertion of the power rests, is to be resolved against the corporation. *Ala. R. R. Co.* v. *Turner,* 95 Miss. 594, 52 So. 261; *Hazelhurst* v. *Mayes,* 96 Miss. 656, 51 So. 890; *Steitenroth* v. *Jackson,* 99 Miss. 354 So. 955; *Wise* v. *Yazoo City,* 96 Miss. 507, 51 So. 453; *Johnson* v. *Philadelphia,* 94 Miss. 34, 47 So. 526; *Crittendon* v. *Booncville,* 92 Miss. 277, 45 So. 723; *Greenville* v. *Laurent,* 75 Miss. 456, 23 So. 185. Therefore, unless there is legislative authority for adoption of the ordinance here under consideration, the city did not have the power to act in the matter, and the ordinance is void.

Turning to the statute, to ascertain what, if any, authority the legislature granted the city to adopt an ordinance fixing the salary of the mayor and each of the councilmen, it will be found that the only authority therefor is contained in section 9 of chapter 120, Laws of 1912 (section 6045, Hemingway's Code). This statute gives authority to the municipality to do but one thing, merely and only to enact an ordinance fixing, or designating, the amount, or sum of money, to be paid monthly as salary of the mayor and each of the councilmen, which shall become effective upon approval by the electors of the city. The statute itself takes care of the time, or term, of the operation of the ordinance by the provision that: "When once such ordinance shall have been passed, published and approved as provided by this section, the same shall not be altered or repealed, unless the ordinance so amending or repealing the same be approved and ratified by the qualified electors of said city at an election held for that purpose."

Manifestly, it was the intention of the legislature, and it is the clear and unmistakable meaning of the statute, that the ordinance fixing the amount of the salary of the mayor and each of the councilmen, when adopted as provided by the statutes, should remain in force and effect for an indefinite time, and until such time as another

ordinance increasing or decreasing the amount of salary so fixed, or repealing it by allowing no salary whatever, would be adopted by the council and ratified by the electorate.

Appellants therefore, respectfully submit that insertion of the clause, "during the year 1919," in said ordinance was without lawful authority, and such rendered said ordinance void, unless that clause be considered and treated as non-existent and stricken from the ordinance. In other words, and more correctly, it is the contention of appellants that the ordinance, as written and because of the inclusion of said clause, is partially invalid; but that same would be a complete and valid ordinance with such clause stricken therefrom, and in perfect harmony with the statute, the clause being invalid, and also being distinctly separable from the remainder of the ordinance, and the remainder, independently of, and disconnected from, said void clause, being valid, complete and sufficient to be operative and accomplish its proper purpose, the unwarranted inclusion of said clause in the ordinance ought not to be treated as beclouding the matters lawfully included therein; but such should be rejected and severed from the otherwise valid ordinance, and the ordinance after striking out said clause "during the year 1919" held, to be a valid ordinance, and still and now in full force and effect.

*H. B. Everett,* for appellant.

Coming now to the contention that the ordinance adopted by the city council in this case was invalid after the expiration of the calendar year of 1919, I insist that, as a matter of law, if the ordinance be construed as an attempt to fix an amount of salary to be paid for a definite period of one year and no longer, and that the ordinance was thus rendered absolutely invalid as inconsistent with and in contravention of the purposes of the statute or else it was a valid ordinance for fixing the

amount of salary to be paid the Mayor and Councilmen, as directed by the statute, for an indefinite period and until the ordinance itself should be repealed or amended and the reference to the calendar year 1919 will be eliminated.

If it be true that the clause which is claimed to limit the ordinance and the salary payment to one year was and is in contravention of the statute or inconsistent with its provisions there can be no difficulty in the way of disposing of it by elimination under the rule in such cases recognized in this state by a number of decisions of this court. It is generally recognized as contrary to a sound public policy to permit public officers to fix their own salaries, but this matter has very little attention or definite regulation under our general chapter on municipalities, and authorizing this new form of government the power to fix their own salaries is expressly taken out of or reserved from the powers granted the city council and that power and authority is expressly conferred on the electors to be exercised in the manner pointed out by the statute, to-wit: By the adoption of an ordinance fixing such salaries. Manifestly, therefore, this power and the method of its exercise are purely statutory and when the statute has authorized this ordinance to be adopted in the manner pointed out, the statute itself declares what shall be its effect and its duration and in what way only it may be repealed or amended.

I assume that it will not be seriously contended that it was contemplated by this statute that this ordinance should fix a definite period during which the salary fixed by the ordinance should be paid, whether, it be one or ten years, nor can it be seriously contended that a provision in this ordinance that the salary so fixed should be continued as the salary to be paid for a definite period of years would be binding for such period. If this could be done consistent with the statute and the power expressly given and to be exercised under this act of the legislature, it would of necessity follow as a natural

sequence, logically and inevitably, that this fixation of the salary of these officers, whether for a period of one or ten years would be, for the time, like the laws of the Medes and Persians, invulnerable against all attack, modification or repeal; hence, the statute either gave the power or did not confer upon the electors any such power and this ordinance, construed as an ordinance for the fixation of salaries for a definite period, is in that respect not in harmony with the intent and purpose of the statute, but in contravention thereof and inconsistent with the express declaration of the statute that salaries once fixed should stand fixed and undisturbed until it would be deemed advisable to repeal or amend, which can mean nothing else than to raise or lower the salary so fixed by the action of the electors, taken in the manner provided by the statute for the original adoption.

So it may be said in this case, in order that the provision that the salaries provided to be paid shall be the salaries authorized for a period of one year or a period of years, that provision must be valid as against any proposed alteration or change during the period fixed.

In the case of *The Board of Supervisors of Holmes County* v. *Black Creek Drainage District,* 99 Miss. 739, this court held in passing on the constitutionality of section 1721, chapter 39, Code of 1906, that the assessment by the commissioners of the district of the cost of benefits against public roads was unconstitutional because in contravention of the constitutional jurisdiction of supervisors in taking away to that extent, its jurisdiction over public roads. In that state of case it might be said that if the board of supervisors approved the charge so assessed, it would cure the defect, but the court held that provision to be a nullity, but severable and when severed from the statute leaving the same a complete scheme it did not invalidate the act as a whole. *Mayor, etc., of the City of Jackson* v. *State,* 102 Miss. 697; *State* v. *Dillon* (Fla.), 28 So. 781.

If this ordinance be construed as one fixing the salary of these officers to be enjoyed by them for one year and no longer, it would be obnoxious to the statute under the rule announced in the case of *Fant* v. *Biggs,* 54 Miss. 396.

To sum up the situation the ordinance adopted by the council and submitted to the electors in this case, with the words "during the year 1919" stricken out, is a complete ordinance for fixing the salaries of the mayor and councilmen as provided by the statute and is entirely in harmony with the statute, with public policy and public custom in such cases in this state and is the only sort of ordinance the electors had a right to demand should be submitted to them.

By advance sheet of the Southern Reporter the case of *Sanders* v. *City of Starkesville,* 91 So. 422, just came to my attention. Again this court in that case cleared a city ordinance of a provision in conflict with the statute authorizing it by eliminating the objectionable provision, declaring that the ordinance having passed and promulgated as the statute directed its going into effect would be controlled by the statute and not by the provision in conflict with the statute.

*Mize & Mize,* for appellees.

By section 6046 of Hemingway's Code, it is provided: "Salary of Mayor and Councilmen.—At the first regular meeting of the council that is first elected, under the provisions of this act, or as soon thereafter as practicable, the council shall, by ordinance, fix the salary of the major and each of the councilmen, which ordinance shall not become operative until the same shall have been approved by a majority of the qualified electors voting at an election to be held for that purpose, as provided by this Act. . . . In case such ordinance shall be rejected by the electors at such election, then a new ordinance or ordinances may be passed by the council

and submitted to the electors in like manner, until the same shall have been ratified by the electors.''

The court will thus see that the mayor and councilmen of a municipality have to receive their authority to draw any salary from a majority of the qualified electors voting at an election held for that purpose; that the amount of salary proposed is fixed by an ordinance and then this is submitted to the voters for their approval and rejection, and no other manner than this is provided for the fixing of such salaries; and hence, when an ordinance fixing such salaries is approved at such election, the mayor and councilmen can only draw such salaries as such ordinance provides.

The most appellants could have done would be to submit another ordinance at the expiration of 1919 fixing a salary for the council to be voted on by the qualified electors. If the council could have submitted to the qualified electors an ordinance fixing the salary during one year, and then, after the year expired, continue to draw the same salary for three years longer, then they could submit an ordinance fixing a salary for two months or three months and have it ratified by a majority of the qualified electors at an election, and after the three months had expired, go right on drawing the same salary for their whole term; but such conduct would entirely nullify the purpose of the statute, to-wit; that the council cannot receive any salary that has not been fixed by ordinance and such ordinance approved by a majority of the qualified electors at an election held to pass on same.

We have not been able to find any case like this one, but the plain facts are these: In order to draw any salary, the mayor and councilmen must submit an ordinance of the council fixing the salary for the time for which it is to be drawn to the qualified electors to be approved or rejected, and it must be approved by a majority of such qualified electors to authorize the council to draw it.

Now probably a council would be authorized to draw salary for the enitre term where an ordinance fixing the salary at so much per month was approved at an election as provided by law, for the reason that such ordinance would probably be construed as fixing the salary for the entire term, but, where, as in this case, the ordinance expressly limits the amount fixed to the year 1919, then the authority given the council to draw such salary by the vote of the qualified electors is at an end when said year expires.

So we respectfully submit that the decree of the chancellor in this cause should be here affirmed.

ETHRIDGE, J., delivered the opinion of the court.

The city of Pascagoula formerly operated under the code chapter on municipalities, but in the latter part of 1918 changed to the commission form of government provided for in chapter 120, Laws of 1912, and the appellants assumed office on January 1, 1919. On the 12th of February, 1919, the commissioners passed an ordinance under the provisions of section 9, chapter 120, Laws of 1912 ([the Commission Government Act] Hemingway's Code, section 6046), fixing the salaries of the commissioners at one hundred and forty-seven dollars per month each. Said ordinance, omitting the formal parts, reads as follows:

"Section 1. The salaries to be paid the mayor and each of the councilmen of the city of Pascagoula, beginning with the month of January, 1919, and payable monthly, is hereby fixed at one hundred and forty-seven ($147) dollars per month each, during the year 1919, such sum of one hundred and forty-seven dollars per month to be paid on the first business day of each month as provided by law."

On the same day the commission passed a resolution fixing the 17th day of March, 1919, as the day for the election for the voters to vote upon the above-mentioned

·ordinance and providing for the publication of notice and ordinance as required by the commission government chapter, and appointed commissioners, etc. The election was duly 'held, and the ordinance approved, and it was acted upon during the years 1919, 1920, and until the 24th of January, 1922, when appellee, acting alone, filed a bill for injunction in the chancery court, setting up the fact of the change to the commission form of government, and that he was a resident citizen, qualified voter, and taxpayer of the city, and that appellants were the councilmen elected in 1918 for a full term of four years, and that they were mayor and councilmen during the year 1919, clothed with all the authority as such officers, and that they had been such officers ever since, and alleging that the said officers are not allowed any salary unless the amount of salary is submitted to the qualified electors in a certain amount to be voted by such electors, and that for the year 1919 the salary of one hundred and forty-seven dollars a month was legal, and that such officers were entitled to draw the same, but that their authority to draw such salary ended with the year 1919, because of the phrase in said ordinance "during the year 1919," and · that such ordinance only constituted authority for the year 1919, and at the end of that year became null and void, and that no other ordinance fixing the salary had been passed and approved as required by the commission government act above referred to, and that the appellants were without authority of law to draw such salary, and prayed for an injunction restraining appellants from drawing any more salaries under the said ordinance, and prayed for general relief.

The bill was demurred to, the demurrer overruled, and an answer was filed, setting up that it was not the purpose of the commission or of the voters to limit the salaries so fixed to the year 1919, but that the purpose was to fix the salaries as provided by section 9, chapter 120, Laws of 1912 (Hemingway's Code, section 6046), and introduced in evidence the resolution ordering the

election publication, etc., passed at the time of the enactment of the ordinance.

It is conceded by the complainant that the salaries for the year 1919 were valid, and that the ordinance was properly approved by the voters as it was drawn and published, but it was contended by the complainant and so held by the chancellor that the ordinance expired by limitation on the last day of the year 1919, and inasmuch as no other ordinance was in existence that the injunction should be granted and the appellants restrained from drawing any further salaries under the said ordinance.

Section 6046, Hemingway's Code (section 9, chapter 120, Laws of 1912), reads as follows:

"At the first regular meeting of the council that is first elected under the provisions of this act, or as soon thereafter as practicable, the council shall, by ordinance, fix the salary of the mayor and each of the councilmen, which ordinance shall not become operative until the same shall have been approved by a majority of the qualified electors voting at an election to be held for that purpose, as provided by this act. Said ordinance shall be published in each newspaper published in said city for at least ten days before said election, and notice of the date of said election shall be given by the council for ten days by publication in all the newspapers published in such city. In case such ordinance shall be rejected by the electors at such election, then a new ordinance, or ordinances, may be passed by the council and submitted to the electors in like manner, until the same shall have been ratified by the electors; and when once such ordinance shall have been passed, published and approved, as provided by this section, the same shall not be altered or repealed, unless the ordinance so amending or repealing the same be approved and ratified by the qualified electors of said city at an election held for that purpose.

"Every officer or assistant, other than the mayor and councilmen, shall receive such salary or compensation as the council shall by ordinance provide, and the salary or compensation of all other employees of such city shall be fixed by the council from time to time, as occasion may demand."

It is the contention of the appellants that this section contemplates that the councilmen shall pass the ordinance fixing the salaries and that they are without power to fix any time limit, and that therefore the part of the ordinance involved using the words "during the year 1919" is surplusage and is severable from the remainder of the ordinance, and that consequently it constitutes no limitation, and that the only power the commission had under the law was to fix the salaries at a sum, and when such salaries were approved that they could not be changed in any other manner than by a vote of the people in an election in which the question was submitted to them.

A careful reading of the section above quoted convinces us that it was the purpose of the legislature to have the salaries fixed as provided in that act, and that such salaries would remain until changed by another ordinance. We find in the statute the following that seems to make this conclusion inescapable:

"When once such ordinance shall have been passed, published and approved as provided by this section, the same shall not be altered or repealed unless the ordinance so amending or repealing the same be approved and ratified by the qualified electors of the said city at an election held for that purpose."

The commission was without power to fix a time limit upon the operation of the ordinance. If the commission had passed an ordinance that the salaries so fixed should continue for twenty-five years, manifestly no one would think that the time stipulated would be effective. It would clearly be regarded as surplusage, and we think the same is true of the provision in the ordinance "during

the year 1919.'' It may have furnished some ground for criticism and possibly for injunction if injunction had been resorted to at or before the election. It may have had some influence in securing the ratification of the ordinance, but it does not appear from this record that this is true. We must assume that the qualified electors voting in said election knew the law, and consequently we think the injunction was wrongfully sued out. We do not mean in this decision to approve the right of a single citizen acting for himself alone to resort to an injunction to prevent officers of a city from collecting their salaries out of funds in the municipal treasury. We have deemed it unnecessary to decide this point, and have gone to the heart of the lawsuit because of the public importance of the question presented. We desire to call attention to the fact that the state has provided ample machinery by law and competent officers to deal with matters of this kind. Of course a citizen may enjoin an illegal act which will take from him his property, but when public funds are collected and officers are chosen upon whom the duty of expending these funds is imposed, it does not necessarily follow that such officer can be enjoined from making an expenditure of such money by a single taxpayer acting on his own initiative alone. We reserve the question for decision in a proper case.

The judgment will be reversed, and the bill dismissed.

*Reversed and dismissed.*